UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:        -CIV-

RONALD GALLO

    Plaintiff,

v.

TOWN OF DAVIE
    Defendant.

_____/

## COMPLAINT

COMS NOW, Plaintiff, RONALD GALLO (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, TOWN OF DAVIE (hereafter referred to as "Defendant") and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623, et. seq. ("ADEA"), and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, et seq. ("FCRA") to redress injuries resulting from Defendant's unlawful, age based discriminatory treatment of and retaliation against Plaintiff.

## PARTIES

2. Plaintiff, RONALD GALLO, is an adult, male resident of Broward County, Florida.

3. Defendant, TOWN OF DAVIE is a Florida Municipality, did at all material times, conduct substantial and continuous business in the Southern District of Florida.

4. Defendant was a "person" and/or "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. 760.01, et seq. since it employs fifteen or more employees for applicable statutory period; and it is subject to the employment discriminations provisions of the applicable statute, the FRCA.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et. seq.

6. At all times material hereto Defendant was an "employer" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

7. At all times material hereto Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760, et seq.

8. Plaintiff is an "employee" within the meaning of the ADEA.

9. Defendant is an "employer" within the meaning of the ADEA.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction over this suit pursuant to 28 U.S.C. §1331.

11. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district.

12. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Humans Relations (FCHR).

13. Plaintiff files this complaint within 90 days after receiving a notice of right to sue from the EEOC.

14. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

15. Plaintiff is a 60-year-old male.

16. Plaintiff began working for Defendant in 2008 as a park ranger.

17. On or about October 16, 2019, Plaintiff was accused by Defendant of leaving four gates at Bamford Park on September 20, 2019.

18. Plaintiff was accused of leaving four gates open by a new, younger ranger with no experience and still in training.

19. Plaintiff's supervisor, Tom Gillespie, took the younger ranger's statement as the truth without verifying.

20. Plaintiff was accused of having a plan with his co-worker, Debra Turner, of leaving some gates open for her so that she would not have to open them the following morning.

21. Tom Gillespie wrote in a document that "it was their little secret" and that they "had a system."

22. Plaintiff did not have any sort of system or plan to leave gates open at any park for Debra Turner.

23. Tom Gillespie did not give Plaintiff the opportunity to defend himself and verify any information prior to writing his report or determining disciplinary measures.

24. Tom Gillespie gave preference to the younger rangers.

25. The younger rangers were involved in the same type of scheme Plaintiff was being accused of. The younger rangers did leave gates open for one another.

26. The younger rangers left gates open and lied on their log sheets, yet they did not receive any disciplinary action.

27. On or about October 31, 2019, Defendant held a partial hearing against Plaintiff. Plaintiff attempted to refute the allegations, but Director Pohlman treated Plaintiff unprofessionally. Plaintiff was not given a fair opportunity to defend the allegations.

28. On or about November 8, 2019, Plaintiff went to work, but upon arrival, four people, including an officer were waiting for him.

29. Plaintiff was told by Defendant that he was being placed on administrative leave. Plaintiff refused to sign any document.

30. Plaintiff was ordered by Defendant to not trespass on any town property, including any park.

31. Throughout his years as park ranger for Defendant, Plaintiff made several complaints of an unsafe work environment, hostile ranger security issues, and poor management.

32. Defendant never took any actions to correct Plaintiff's reports and concerns.

33. On or about November 8, 2019, Plaintiff was constructively discharged by Defendant.

34. Defendant constructively discharged Plaintiff as a result of Plaintiff's age and retaliation for expressing complaints to Defendant.

35. Plaintiff was qualified to do the job of park ranger.

36. Defendant gave younger park rangers preferential treatment, not afforded to Plaintiff because of his older age. Defendant constantly took the side of any statement made by younger park rangers, while not allowing Plaintiff the appropriate opportunity to defend any allegation against him.

37. As a result of Plaintiff's age, Defendant created a hostile work environment against Plaintiff, through intimidation tactics, which led to Plaintiff's constructive discharge.

38. As a result of Defendant's discriminatory and retaliatory treatment of Plaintiff based on his age, Plaintiff has suffered damaged and was forced to retain undersigned counsel.

## COUNT I
## Age Discrimination in Violation of the ADEA

39. Plaintiff re-adopts each and every factual allegation stated in paragraphs 1-38 above as is set out in full herein.

40. Plaintiff is in the protected age category under the ADEA.

41. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

42. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of his age.

43. Defendant's conduct complaint of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of the Plaintiff's age was unlawful but acted in reckless disregard of the law.

44. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

45. Defendant retained new and younger employees and did so despite the knowledge of engaging in discriminatory actions.

46. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

47. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

48. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

49. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

50. The ADEA prohibits, 29 U.S.C. Sec. 623, et seq. prohibits employers from "refusing to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. Sec. 623.

51. Plaintiff was fully qualified to be employed by Defendant and could perform all essential functions of the position held with Defendant.

52. Defendant is a covered employer to which the ADEA applies.

53. Defendant constructively discharged and disqualified Plaintiff from employment because of Plaintiff's age.

54. As a result of Defendant's actions, Plaintiff suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADEA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights.

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE FCRA

55. Plaintiff re-alleges and re-affirms Paragraphs 1-38 as is it fully set forth herein.

56. Plaintiff is a member of a protected age category under the FCRA.

57. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

58. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of his age.

59. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

60. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

61. Defendant retained the new, younger employees, did so despite the knowledge of engaging in discriminatory actions.

62. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

63. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

64. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

65. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant.

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and pre-judgment interest at amounts to be provided at trial for the unlawful employment practices described herein.

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## RETALIATION IN VIOLATION OF THE ADEA

66. Plaintiff re-alleges and re-affirms Paragraphs 1-38 as is it is fully set forth herein.

67. Plaintiff is a member of a protected class under the ADEA.

68. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

69. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

70. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived Plaintiff of statutory rights under federal law.

71. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus

entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others from such action in the future.

72. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices and until this honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree the Defendant has violated the ADA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

   e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FCRA

73. Plaintiff re-alleges and re-affirms Paragraphs 1-38 as is it is fully set forth herein.

74. Plaintiff is a member of a protected class under the FCRA

75. By the conduct described above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA

76. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

77. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

78. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived Plaintiff of statutory rights under federal law.

79. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others from such action in the future.

80. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices and until this honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the FCRA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223